## THE FAIR

*v.*

## RUDOLPH HOFFMANN.

*Opinion filed April 20, 1904.*

1. APPEALS AND ERRORS—*when alleged improper evidence will not be considered.* Alleged improper evidence will not be considered on appeal, where it is not pointed out or reference made to the pages of the abstract where it appears and the abstract is not indexed.

2. SAME—*when improper remarks of counsel will not reverse.* Improper remarks of counsel, which he withdrew, telling the jury they were not to consider them, will not be ground for reversal unless it is apparent from the record that injury probably resulted therefrom.

3. SAME—*when an error in limiting number of instructions will not be considered.* Error in limiting the number of instructions to be given will not be considered, where no objection or exception was taken to the action of the court and where appellant did not offer any instructions in excess of the number limited.

*The Fair* v. *Hoffmann,* 110 Ill. App. 500, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

ALBERT E. DACY, for appellant.

BRANDT & HOFFMANN, (OSCAR C. MILLER, and L. M. ACKLEY, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was an action on the case brought by appellee, against appellant, in the superior court of Cook county, for alleged injuries received by appellee through the negligence of a driver of one of appellant's delivery wagons.

It appears that on November 16, 1900, appellee, who was at the time engaged in the business of selling sewing machines, was, together with William Stein, driving north-west along Lincoln avenue, in the city of Chicago, in a one-horse wagon, in which they carried with them a sewing machine; that about the time they came to the intersection of Bernice avenue, an east and west highway, a two-horse wagon owned by appellant was being driven at a rapid trot westward along Bernice avenue, and while appellee was crossing the intersection of the two streets appellant's wagon turned northward along Lincoln avenue and passed appellee, and it is claimed by appellee that appellant's wagon, while passing, struck his wagon, breaking the shafts and harness and one leg of the machine in the wagon, and also bending both axles of the wagon, and throwing appellee over the dashboard upon the ground, and he was thereby bruised and hurt in such a manner that he was unable to attend to any business for a considerable length of time. Upon the trial of the case a verdict was rendered for appellee for the sum of $1500, and on appeal to the Appellate Court the judgment was affirmed.

No peremptory instructions were asked by appellant and no error argued or relied upon except improper remarks made by appellee's counsel in the argument of the case before the jury, the refusal of the court to give the fifteenth instruction asked by appellant, the admission

of certain evidence and the limiting of the instructions by the court.

Appellant's brief and argument in this case contain sixty-seven pages of testimony which counsel for appellant deems favorable to it. This is in violation of the rules of this court. The only evidence objected to is not pointed out or reference made to the pages of the abstract where the same may be found, nor is the abstract, which contains one hundred and twenty-eight pages, indexed, and for these reasons the evidence complained of will not be considered by this court.

In reference to the improper remarks made by counsel for appellee, we cannot say that we approve of some of them, as they were improper, but the most objectionable ones were withdrawn by counsel, who told the jury that they were not to consider them; and while this procedure does not always entirely cure the injury, if any is done, yet unless it is apparent from the record that some injury was suffered or did likely result by reason of such remarks, they will not be considered as reversible error, and after a review of the evidence we do not consider the remarks of counsel sufficient error to reverse upon.

It is next urged that it was error to refuse instruction No. 15. While this instruction presented the law properly it was not error to refuse it, for the reason the appellant's eighth, eleventh and thirteenth instructions contained, in substance, all that the fifteenth did. Moreover, appellant's instructions were more liberal than it was entitled to.

The next error relied upon is the court's limiting the instructions. It is sufficient to say of this alleged error that no objection or exception was taken to the limiting of the instructions. The error cannot, therefore, be considered. If there had been an exception taken to the order limiting the number of instructions, we would not feel disposed to reverse for the mere error in making

such order unless it should further appear that appellant's rights were prejudiced thereby, and as appellant offered no instructions in excess of the limit we are unable to say that appellant's rights were in any manner prejudiced.

Finding no reversible error the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*