## Thomas Morgan, Appellee, v. Pacific Express Company et al., Appellants.

1. ORDINARY CARE—*how question of determined.* If a person is injured at a place where he had a right to be at the time and was engaged in the discharge of his duties, it is for the jury to say under all the facts and circumstances in evidence whether he was in the exercise of due care for his own safety.

2. VERDICTS—*when not excessive.* Held, in an action on the case for personal injuries, that a verdict of $1,500 was not excessive where it appeared that the plaintiff at the time of the accident was a strong man, about 65 years of age, earning $1.50 per day; that he was badly bruised about the back and hip and suffered a great deal of pain; that his injuries brought on a state of nervous exhaustion so that he was incapacitated from working at his employment from the time they were incurred up to the trial of the cause, which was some three months later, during all of which time he had been attended at intervals by a physician, the evidence likewise tending to show that the injuries sustained were permanent in character.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

KRAMER, KRAMER & CAMPBELL and C. H. G. HEIN-FELDEN, for appellants; JAMES L. MENNIS, of counsel.

W. E. KNOWLES, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee was injured by being struck with the tongue of an express wagon through the alleged carelessness of the driver, who was at the time in the employ of appellants and engaged in their business. Appellee brought suit and recovered a verdict and judgment for $1,500. Appellants seek to reverse that judgment and allege that the evidence did not sustain the verdict of the jury, that the court gave improper

instructions for appellee and refused several that should have been given for appellants, and that the verdict was excessive.

The proofs show that on December 6, 1910, appellee was employed by the city of East St. Louis as a street cleaner and was working along St. Clair avenue, which runs nearly east and west near the place where the same is intersected by First street. In the center of St. Clair avenue a street car company maintains and operates a double track, and at the time named the tracks of the company were torn up at the intersection of the streets, and the nearest place to the intersection the teams could cross St. Clair avenue was about 150 feet east of First street, which was not a regular crossing and was the place where appellee was standing. The two appellants use the same wagons and drivers for the work of both companies and on the day of the accident one of their drivers was proceeding along the north side of the street car tracks in a westerly direction with a team attached to a wagon loaded with meat. At that time appellee was working with a wheelbarrow, gathering up the street cleanings he had collected and had just reached the place where vehicles crossed over the tracks, and was facing west, either wheeling, or standing between the handles of the wheelbarrow. The driver, who was coming down the street with a team in a slow trot, saw him about a block and a half away. As the team approached appellee, a saloon keeper on the south side of the street called to the driver in regard to taking a package. The driver looked back and was talking to the party who had called him, when some one cried out and warned him of appellee's danger. The driver pulled in his team as quickly as possible and put on the brakes of his wagon, but before he could stop, the tongue of the wagon pushed forward and struck appellee in the back inflicting the injuries of which he complained.

The evidence on the part of appellee is that he was close to the track and that there was room for two wagons to pass abreast over the crossing beyond him, while there was evidence on the part of appellants tending to show that appellee was in the middle of the crossing and that there was not room to pass on either side.

It clearly appears that the driver was guilty of negligence in attempting to pass over the crossing in the condition it was then in at the rate he was going, while looking backward talking to a man at the side of the street; but it is contended by appellants that appellee was not at the time in the exercise of due care for his own safety. He was, however, at a place where he had a right to be, engaged in the discharge of his duties, and it was for the jury to say whether, under all the circumstances, he was in the exercise of due care. There was a contest upon this question and the determination of the same by the jury in favor of appellee was not unreasonable.

The complaint of appellants that instruction No. 20 offered by them was improperly refused by the court, cannot be sustained, for the reason it assumed that appellee was about to cross the street at the time he was struck, which was a controverted fact.

The other instructions refused for appellants, as well as those given on the part of appellee, disclose no errors affecting the trial of the cause.

The proofs show that at the time of his injury, appellee was a strong man, about sixty-five years of age, earning $1.50 a day; that he was badly bruised about the back and hip and suffered a great deal of pain; that his injuries brought on a state of nervous exhaustion so that he was incapacitated from working at his employment from the time they were incurred, up to the trial in March, 1910, during all of which time he had been attended at intervals by a physician, the evidence also tending to show that his injuries were permanent.

Under these circumstances we cannot properly say that the verdict of the jury was excessive. The judgment of the court below will accordingly be affirmed.

*Affirmed.*