THIRD DIVISION
December 6, 2006

No. 1-04-2734

| | | |
|---|---|---|
| MARY NOREN and GLEN NOREN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 02 L 011233 |
| METROPOLITAN PROPERTY AND CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Paddy McNamara, |
| | ) | Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

Defendant-appellant Metropolitan Property and Casualty Insurance Company appeals from several orders of the circuit court in favor of plaintiffs-appellees Mary and Glen Noren. On appeal, defendant contends the circuit court erred by: (1) denying defendant's motion for summary judgment; (2) striking defendant's jury demand; (3) denying defendant's motion for a directed verdict; and (4) declaring coverage in favor of plaintiffs. We reverse the judgment of the circuit court because we find that the court

1-04-2734

erred in striking defendant's jury demand.

On July 26, 1997, Midway Moving & Storage (Midway) removed plaintiffs' personal property from their home in Chicago. Pursuant to the contract between plaintiffs and Midway, plaintiffs' personal property was stored at Midway's warehouse for approximately one month until it could be delivered to plaintiffs' new residence. On August 31, 1997, Midway moved plaintiffs' personal property into their new home in Chicago. Some of their items were missing and many were damaged.

Plaintiffs filed a three-count complaint against Midway and defendant.[1] Counts I and II were directed solely at Midway, and count III was directed solely at defendant. Plaintiffs settled with Midway prior to trial and Midway is not a party to this appeal.

Count III of plaintiffs' amended complaint, entitled "Declaratory Judgment," sought a declaration that plaintiffs' insurance policy with defendant covered the damage sustained to their personal property. The complaint alleged that some of plaintiffs' personal property had been stolen, some had been damaged and some had sustained water damage. The complaint specifically alleged that "on information and belief" the water damage occurred due to one or more of the following perils: "windstorm; hail; weight of ice; weight of snow; weight of sleet; water or steam which accidently discharged or overflowed from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system; rupturing, cracking, burning or bulging of a

---

[1] The instant matter is a refiling of plaintiffs' original cause, which was voluntarily dismissed.

2

1-04-2734

steam or hot water heating system."  A copy of the insurance policy was attached to the complaint.

The policy provided in pertinent part:

"SECTION I - LOSSES WE COVER

* * *

COVERAGE C - PERSONAL PROPERTY

We will pay for sudden and accidental direct physical loss or damage to the property * * * caused by:

* * *

2. Windstorm or hail.  We do not cover loss to personal property inside a building, caused by rain, snow, sleet, sand or dust, unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

* * *

11. Weight of ice, snow or sleet which causes damage to property contained in a building.

12. Water or steam which accidentally discharges or overflows from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a domestic appliance.

13. Rupturing, cracking, burning or bulging of a steam or hot water heating system, an air conditioning or automatic fire protective

3

sprinkler system, or an appliance for heating water.

* * *

SECTION I - ADDITIONAL COVERAGES

* * *

14. Collapse.  We will pay for sudden and accidental direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:

A. Perils described in Section I - Losses We Cover, Coverage C- Personal Property.

* * *

SECTION I - LOSSES WE DO NOT COVER

* * *

A. Water damage, meaning:

1.  flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind * * *."

Defendant filed a motion for summary judgment alleging that plaintiffs' water damage claims were not covered under the policy because the damage was not caused by any of the occurrences for which defendant's policy offered coverage.  Defendant attached plaintiffs' depositions, in which plaintiffs stated that they did not know the cause of the water damage to their property.  Defendant also attached an affidavit from

John Borland, an inspector employed by defendant, who averred that he inspected Midway's warehouse on September 23, 1998, and November 5, 1998, and determined that the water damage to plaintiffs' property was not caused by any of the occurrences within the insurance policy. Defendant also attached the affidavit of Jerry Siegel, the president of Midway, who averred that the portion of the roof that was directly above where plaintiffs' property had been stored had not been "replaced, altered or modified" from July 26, 1997, to November 5, 1998. Defendant's motion argued that because plaintiffs had produced no evidence as to how the water damage occurred, no genuine issue of material fact existed and defendant was entitled to summary judgment. The court denied the motion without explanation.

Prior to trial, plaintiffs' counsel filed a motion to strike defendant's jury demand. The motion alleged that because the only remaining count of plaintiffs' complaint was for declaratory judgment, defendant was not entitled to a jury. The court granted plaintiffs' motion and struck defendant's jury demand.

At trial, plaintiffs each testified consistent with their depositions that they had no knowledge what caused the water damage to their property while it was at Midway's warehouse.

John Borland, the inspector employed by Midway, testified that he inspected Midway's warehouse twice in the fall of 1997 and twice again in 1998. He was directed to inspect the third floor of the warehouse, which was the top floor. Borland stated that he did not see any plumbing, heating, air conditioning or automatic fire protective

sprinkler system or domestic appliance in the area to which he had been directed. He did not see any rupturing, cracking, burning or bulging of steam or hot water system, an air conditioning or automatic fire protective sprinkler system or an appliance for heating water. Borland further stated that he finally received permission from Midway to inspect the roof of the warehouse in November 1998. He stated that the roof appeared to be between three to five years old and had "a lot of wear and tear issues." Borland believed the cause of the water damage to plaintiffs' property was the result of water leaking through the roofing material to the interior of the warehouse, due to normal wear and tear of the roof. He stated that he did not see any areas of the roof that appeared to have been recently repaired.

Dina Becker, a senior claims representative employed by Midway, testified that if rain collected on the roof of the warehouse, causing a partial collapse of the roof and damaging plaintiffs' property, such an occurrence would be covered under the policy.

At the close of plaintiffs' case, defendant made a motion for a directed verdict, arguing that because plaintiffs had failed to adduce any evidence during their case in chief to establish the cause of the water damage, defendant was entitled to judgment in its favor. The court denied the motion.

The court's order found in favor of plaintiffs that their claims were covered under the insurance policy. The court's order was comprised of two parts, one being "Findings of Fact" and the other "Findings of Law." There were 15 findings of fact, including the findings that "it is more probably true tha[n] not that Mr. Borland's

conclusion that the roof was in poor condition is true," and that "it is more probably true than not, that the water damage was caused by rain collecting on the roof which caused the collapse of the protective covering of the roof." The court also noted in its findings of fact that the roof had been repaired sometime between July 26, 1997, and November 5, 1998.[2] The court's order made three findings of law, including that plaintiffs proved by a preponderance of the evidence that their loss was covered by the terms of the insurance policy.

We now address defendant's contentions on appeal. Because we have determined that the court's order striking defendant's jury demand was in error, we address this issue first.

Section 13 of article I of the Illinois constitution, provides: "The right of trial by jury as heretofore enjoyed shall remain inviolate." Ill. Const. 1970, art. I, §13. Section 2-701(d) of the Code of Civil Procedure, which governs declaratory judgments, provides that "[i]f a proceeding under this Section involves the determination of issues of fact triable by a jury, they shall be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." 735 ILCS 5/2-701(d) (West 2004). Statutes regulating the

---

[2] This finding is the result of a document filed in October 1999 in the previous lawsuit in which Midway stated that the roof of the warehouse was either replaced, altered or modified between July 1997 and November 5, 1998.

right to a jury trial should be liberally construed in favor of the right and courts should be inclined to protect and enforce the right. Williams v. National Super Markets, Inc., 143 Ill. App. 3d 110, 111 (1986). In Lazarus v. Village of Northbrook, this court determined that the Illinois Constitution guarantees the right to trial by jury as it existed in common law actions when the constitution was adopted. Lazarus v. Village of Northbrook, 31 Ill. 2d 146, 148 (1964). Actions for a declaratory judgment were unknown to the common law and are neither legal nor equitable, but are *sui generis*, and the right to a trial by jury depends upon the relief sought. Zurich Insurance Co. v. Raymark Industries, Inc., 118 Ill. 2d 23, 57-58 (1987). When a declaration of rights is the only relief sought, the predominant characteristics of the issues in dispute determine whether there exists the right to a jury trial. Zurich, 118 Ill. 2d at 58. If additional relief is sought, the nature of that relief determines the right to a trial by jury. Zurich, 118 Ill. 2d at 58. The standard of review on appeal is whether the court abused is discretion. Williams, 143 Ill. App. 3d at 111.

Here, count III of plaintiffs' complaint sought a declaration that the water damage to their property was covered under their insurance policy. Generally, such a declaration would require a court to interpret the language of the policy to determine whether there was coverage under the policy. However, in this case, there were numerous factual issues that the court was required to decide before reaching the question of whether plaintiffs were entitled to coverage under the policy. Namely, the court made factual findings with respect to the cause of the water damage. The court

8

found that the water damage was caused by rain collecting on the roof, which caused a partial collapse of the roof. The court's finding is in contrast to Borland's testimony that water had leaked through the roof through normal wear and tear. Borland had also testified that he had not noticed any areas of the roof that had been repaired. The court's finding is also in contrast to the affidavit of the owner of Midway, Jerry Siegel, who averred that the roof had not been repaired or replaced during the period of time that plaintiffs' property had been stored at the warehouse. However, the court's finding is supported by the admission that the roof was repaired, altered or replaced sometime between July 1997 and November 1998. Because of the conflicting evidence presented, the court was required to make numerous factual findings. In fact, the court's order contained 15 factual findings, whereas it only contained three conclusions of law. Because we find that the predominant issues to be determined in this cause were factual issues, the court's order striking defendant's jury demand was an abuse of discretion. Defendant was entitled to have a jury assess the credibility of the witnesses and make findings of fact with respect to the cause of the water damage. Only then can a proper determination be made as to whether the damage was covered under the policy.

Because the court erred in striking defendant's jury demand, we remand this cause to the circuit court for a new trial. In light of this determination, we need only address one of defendant's remaining contentions on appeal, that the court erred in denying its motion for summary judgment.

9

Summary judgment is proper if the pleadings, depositions, affidavits, admissions, and other matters on file demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Smith v. Armor Plus Co., Inc., 248 Ill. App. 3d 831, 839 (1993). The court should construe the evidence strictly against the movant and liberally in favor of the opponent. Richter v. Burton Investment Properties, Inc., 240 Ill. App. 3d 998, 1001 (1993). If reasonable persons could draw different inferences from undisputed facts, an issue of fact exists. Armor, 248 Ill. App. 3d at 839. Appellate review of an order granting summary judgment is *de novo.* Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 102 (1992).

Here, as stated above, there were numerous questions of fact the circuit court was required to make because there was conflicting evidence as to the cause of the water damage to plaintiffs' property. Defendant argues in its brief that because plaintiffs presented no evidence regarding the cause of their property damage, there were no issues of material fact. However, we point out that in defendant's brief, in support of its argument that the court erred in striking its jury demand, defendant states that there were factual issues as to how the property damage occurred. In fact, defendant argued in its reply brief that there were a "litany of factual issues." We are unable to reconcile defendant's inconsistent positions. It is illogical for defendant to argue on the one hand that there were no factual issues for summary judgment purposes and on the other hand to argue that there were many factual issues for jury demand purposes. Defendant cannot have it both ways. We find that the circuit court

properly denied defendant's motion for summary judgment because a question of fact existed as to how plaintiffs' property was damaged.

Accordingly, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

THEIS, P.J., and GREIMAN, J., concur.