# Illinois Official Reports

## Appellate Court

---

*Interstate Bankers Casualty Co. v. Hernandez*, **2013 IL App (1st) 123035**

---

| | |
|---|---|
| Appellate Court Caption | INTERSTATE BANKERS CASUALTY COMPANY, a/s/o Jose Mendoza Gonzalez, and JOSE MENDOZA GONZALEZ, Plaintiffs-Appellants, v. ALBERTO HERNANDEZ, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-12-3035 |
| Filed | December 18, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Section 143.24d of the Insurance Code, which requires the arbitration of physical damage subrogation claims between insurers pursuant to the Nationwide Inter-Company Arbitration Agreement when the amount in controversy, exclusive of the costs of arbitration, is less than $2,500, violates the right to a jury trial and is unconstitutional; here, the complaint basically alleged property damage due to negligence, which has always carried a right to a jury trial, and statutes regulating the right should be liberally construed in its favor and courts should be inclined to protect and enforce the right to a jury trial. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-M1-011661; the Hon. James E. Snyder, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Beermann Pritikin Mirabelli Swerdlove LLP, of Chicago (Alvin R. Becker, Deane B. Brown, and Katherine A. Grosh, of counsel), for appellants. |
|---|---|
| | Law Offices of Laura A. Holwell, of Chicago (Laura A. Holwell and Christopher Holwell, of counsel), for appellee. |

| Panel | JUSTICE PUCINSKI delivered the judgment of the court, with opinion. Presiding Justice Hyman and Justice Mason concurred in the judgment and opinion. |
|---|---|

## OPINION

¶ 1    The issue presented to us in this case is whether the mandatory binding arbitration of insurance subrogation claims enacted under section 143.24d of the Illinois Insurance Code (215 ILCS 5/143.24d (West 2012)), effective January 1, 2012 (Pub. Act 97-513, § 5 (eff. Jan. 1, 2012)), is unconstitutional because it violates the right to trial by jury. The constitutionality of section 143.24d is a matter of first impression.

¶ 2                                    BACKGROUND

¶ 3    On January 9, 2012, plaintiff, Jose Mendoza Gonzalez, was involved in a car accident with defendant, Alberto Hernandez, in Chicago, Illinois. On the date of the accident, Gonzalez was insured for collision coverage under a policy of automobile insurance issued by plaintiff Interstate Bankers Casualty (Interstate). Hernandez was insured by Unique Insurance Company.

¶ 4    On March 26, 2012, Gonzalez and Interstate, as Gonzalez's subrogee, brought a two-count negligence complaint, with a jury demand, against Hernandez. The complaint alleged that Interstate made payments to Gonzalez under its insurance policy as a result of the accident with Hernandez. Count I alleged that as a direct and proximate result of Hernandez's negligent acts, Interstate's subrogor, Gonzalez, suffered property damage to his vehicle in the amount of $1,154.47, plus the costs of suit. Count II of the complaint alleged that as a direct and proximate result of Hernandez's negligent acts, Gonzalez suffered property damage to his vehicle and loss of use. Gonzalez sought judgment against Hernandez of $500, plus costs of suit.

¶ 5    On April 4, 2012, Hernandez filed a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)), arguing that the complaint should be dismissed because it is barred by section 143.24d of the Illinois Insurance Code (215

ILCS 5/143.24d (West 2012)), which became effective on January 1, 2012 (Pub. Act 97-513, § 5 (eff. Jan. 1, 2012)). In their response to the motion to dismiss, plaintiffs argued that section 143.24d is unconstitutional because it deprives plaintiffs of their constitutional right to trial by jury in a negligence action. Plaintiffs also argued that there was no way to adjudicate their property damage claim through the court system because section 143.24d requires arbitration unless both parties mutually agree to another forum and Hernandez did not agree to litigate the case in another forum.

¶ 6    On April 18, 2012, the circuit court entered an order allowing plaintiffs leave to file a brief in opposition to the motion to dismiss challenging the constitutionality of section 143.24d and required plaintiffs to provide a copy of their brief to the Illinois Attorney General as notification of the constitutional challenge. Defendant did not file a reply in support of his motion to dismiss. On September 27, 2012, the circuit court granted defendant's section 2-615 motion to dismiss both counts of plaintiffs' complaint with prejudice. Plaintiffs timely appealed.

¶ 7                                            ANALYSIS

¶ 8    Plaintiffs argue on appeal that dismissal of their complaint was improper because section 143.24d of the Illinois Insurance Code (215 ILCS 5/143.24d (West 2012)) is unconstitutional in that it violates the right to a jury trial. In reviewing the grant of a motion to dismiss, we accept as true all well-pleaded factual allegations. *Majca v. Beekil*, 183 Ill. 2d 407, 416 (1998). The dismissal of a complaint pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)) is reviewed *de novo*. Also, whether a statute is constitutional is a question of law, which we also review *de novo*. *People v. Devenny*, 199 Ill. 2d 398, 400 (2002). Illinois courts have not had an opportunity to pass on the constitutionality of this particular provision yet, and so the constitutionality of section 143.24d is a matter of first impression.

¶ 9    Section 143.24d requires the arbitration of physical damage subrogation claims between insurers pursuant to the Nationwide Inter-Company Arbitration Agreement (NICAA), where the amount in controversy, exclusive of the costs of arbitration, is less than $2,500. 215 ILCS 5/143.24d(a) (West 2012). Notably, however, the enactment applies to all insurers, even those who did not agree to sign the NICAA, thus binding all insurance companies to this mandatory arbitration provision. Insurers are not required to sign the NICAA (215 ILCS 5/143.24d(b) (West 2012)), but they are bound to arbitration in accordance with the terms of and rules adopted pursuant to the NICAA, unless both parties agree to another forum (215 ILCS 5/143.24d(a) (West 2012)). There is no provision for rejection of an arbitration award under section 143.24d.

¶ 10   In *Reed v. Farmers Insurance Group*, 188 Ill. 2d 168, 173-74 (1999), the Illinois Supreme Court addressed the constitutionality of section 143a of the Insurance Code requiring mandatory binding arbitration for claims for uninsured motorist coverage, which foreclosed the right to appeal and have a jury trial. Like section 143.24d in this case, mandatory arbitration pursuant to section 143a(1) of the Insurance Code is binding (*Norris v. National Union Fire Insurance Co. of Pittsburgh*, 368 Ill. App. 3d 576, 590 (2006)). In *Reed*, the court

- 3 -

upheld the constitutionality of section 143a because an action for uninsured motorist coverage was created by statute and did not exist at common law. In *Grace v. Howlett*, 51 Ill. 2d 478 (1972), on the other hand, cited by plaintiffs and discussed by the Illinois Supreme Court in *Reed*, the court addressed the constitutionality of a statute that required the arbitration of automobile injury cases in counties with a population under 200,000, and, in other counties, the arbitration of cases in which the claimed loss was less than $3,000. The *Reed* court concluded, among other things, that the statute violated the right to a jury trial under the Illinois Constitution, stating:

> "[T]he plaintiff cites *Grace v. Howlett*, 51 Ill. 2d 478 (1972), which addressed the constitutionality of a statute that required the arbitration of automobile injury cases in counties with a population under 200,000, and, in other counties, the arbitration of cases in which the claimed loss was less than $3,000. The court concluded, among other things, that the statute violated the right to a jury trial under the Illinois Constitution.
>
> More recently, this court revisited the issue in *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33 (1994). In that case the defendant argued that it was entitled to a jury trial in an action brought under the Consumer Fraud Act. This court rejected that contention. After reviewing the current constitutional guarantee and its predecessors, the *Martin* court observed that the jury trial right expressed in the Illinois Constitution is limited to actions existing at common law. *Martin* explained, 'In Illinois, the right to a jury trial does not attach to every action at law. Instead, such right only attaches in those actions where such right existed under the English common law at the time the constitution was adopted.' *Martin*, 163 Ill. 2d at 73-74.
>
> We do not believe that *Grace* is controlling here. The action at issue in *Grace* was a common law claim for personal injuries arising from a motor vehicle accident. In the present case, in contrast, the underlying claim is one for uninsured-motorist coverage, a remedy that did not exist at common law but instead was recently devised by the legislature. The state constitutional guarantee of a jury trial ' "was not intended to guarantee trial by jury in special or statutory proceedings unknown to the common law." ' *People ex rel. Keith v. Keith*, 38 Ill. 2d 405, 408 (1967), quoting *People v. Niesman*, 356 Ill. 322, 327 (1934)." (Emphasis omitted.) *Reed*, 188 Ill. 2d at 179-80.

¶ 11 Plaintiffs argue generally that section 143.24d deprives plaintiffs of their constitutional right to trial by jury in "[n]egligence [c]ases." Plaintiffs here, like the plaintiff in *Reed*, cite to *Grace* and argue generally that the instant case is one for personal injuries arising from a motor vehicle accident, and that the right to a jury trial applies because causes of action for personal injuries existed under common law.

¶ 12 The Illinois Supreme Court has held that the right to trial by jury "only attaches in those actions where such right existed under the English common law at the time the constitution was adopted." *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 73-74 (1994).

¶ 13 There are two issues presented here. First, the test as to which actions carry a jury trial right must be stated accurately as to whether it includes only actions which existed at common law at the time of the adoption of the original 1870 Illinois Constitution, or whether it means at the

time of adoption of the 1970 Illinois Constitution. Second, the case before us is not simply a negligence case but, rather (in count I), a negligence action brought by an insurer by way of subrogation, and thus we must determine what the nature of the claim really is–is this action basically only a negligence claim, a subrogation claim by an insurer, or both (essentially a "case within a case")?

¶ 14    First, the above-quoted language from *Martin* in *Reed* regarding which actions carry a right to a jury trial needs further explanation. The Illinois Supreme Court in *Martin* stated that the jury trial right "only attaches in those actions where such right existed under the English common law at the time the constitution was adopted" (*Martin*, 163 Ill. 2d at 73-74), but did not specify whether the court meant at the time of adoption of the 1870 Illinois Constitution or at the time of adoption of the 1970 Illinois Constitution. Some Illinois courts have interpreted the statement of the rule in *Martin* to mean at the time of the adoption of the original 1870 Illinois Constitution, even though the case decided was after the adoption of the 1970 Illinois Constitution. See, *e.g.*, *The Habitat Co. v. McClure*, 301 Ill. App. 3d 425, 435 (1998) (the jury trial right "exists only in those actions where such a right existed under the English common law at the time the 1870 Constitution was adopted"). Yet other Illinois courts have interpreted this statement to mean not the Illinois Constitution at all, but the United States Constitution. See, *e.g.*, *Burnett v. Safeco Insurance Co. of Illinois*, 227 Ill. App. 3d 167, 171 (1992) ("the supreme court construed this provision as guaranteeing the right to trial by jury as it existed in common law actions when *this country's* constitution was adopted" (emphasis added)). Both interpretations are incorrect.

¶ 15    Our 1970 state constitution, article I, section 13, provides that "[t]he right of trial by jury as *heretofore enjoyed* shall remain inviolate." (Emphasis added.) Ill. Const. 1970, art. I, § 13. The Illinois Supreme Court has explained that "it is the common law right to jury trial *as enjoyed at the time of the adoption of the 1970 constitution* to which 'heretofore enjoyed' refers." (Emphasis in original.) *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 215 (1988).[1] The Illinois right to a trial by jury in our state constitution is different from the federal constitution. *Joyce*, 126 Ill. 2d at 214. See also *In re K.J.*, 381 Ill. App. 3d 349, 352 (2008) ("As our supreme court has held, this provision guarantees the right to a jury trial as it existed at common law at the time of the adoption of the 1970 constitution." (citing *Joyce*, 126 Ill. 2d at 215)); *People v. Smith*, 338 Ill. App. 3d 555, 562 (2003) ("the right provided by article I, section 13, of the Illinois Constitution of 1970 is ' "the common law right to jury trial as enjoyed at the time of the adoption of the 1970 Constitution." ' " (quoting *People v. Pittman*, 326 Ill. App. 3d 297, 300 (2001), quoting *Joyce*, 126 Ill. 2d at 215)). "[T]he jury trial provision in the 1970 Constitution, unlike its analogue in the 1870 Constitution, does not require that the right to a jury trial exist at common law prior to 1870." *In re G.O.*, 191 Ill. 2d 37, 63 (2000) (Heiple, J., dissenting). "Conversely, the constitutional right to a jury trial does not apply to statutory

[1]Given this correct statement of the rule for determining which actions in Illinois carry a right to a jury trial, it is unclear what relevance, if any, is left for referring to the English common law. Such a reference made sense under the Illinois Constitution of 1870, but by the time of the adoption of the 1970 Illinois Constitution, our state had developed its own substantial body of common law.

proceedings that were unknown at the common law at the time of the adoption of the 1970 Constitution." *In re K.J.*, 381 Ill. App. 3d at 352 (citing *People ex rel. O'Malley v. 6323 North LaCrosse Avenue*, 158 Ill. 2d 453, 457 (1994)).

¶ 16    This is an important distinction if one views the nature of this action as a subrogation action. Subrogation actions originally arose in equity, which did not carry a jury trial right at the time of the 1870 Illinois Constitution. Subrogation is an old concept that originated in equity, which was adapted by equity from the Roman or civil law. *People ex rel. Nelson v. Phillip State Bank & Trust Co.*, 307 Ill. App. 464, 467 (1940). Subrogation was an action in chancery " 'designed to place the ultimate responsibility for the loss upon the one on whom in good conscience it ought to fall and to reimburse the innocent party who is compelled to pay.' " *Nationwide Mutual Fire Insurance Co. v. T&N Master Builder & Renovators*, 2011 IL App (2d) 101143, ¶ 9 (quoting *Reich v. Tharp*, 167 Ill. App. 3d 496, 500-01 (1987)). "As an action in equity, a claim may be subrogated only in order to prevent injustice or unjust enrichment and will not be maintained when it would be inequitable to do so." *Nationwide Mutual Fire Insurance Co.*, 2011 IL App (2d) 101143, ¶ 9 (citing *Dix Mutual Insurance Co. v. LaFramboise*, 149 Ill. 2d 314, 319 (1992)). In the late 1800s, the doctrine of subrogation was still "a creature of equity, and ha[d] no application to an action at law." *Whitbeck v. Estate of Ramsay*, 74 Ill. App. 524, 535 (1897) (citing *Meyer v. Mintonye*, 106 Ill. 414 (1883)). Thus, at the time of the adoption of the 1870 Illinois Constitution, a subrogation action was an action in equity, without the right to a jury trial. In Illinois, subrogation at common law continued to be applied in equity largely in cases of suretyship and was based on the relationship between the parties. As explained in *Dunlap v. Peirce*, 336 Ill. 178 (1929):

> "Subrogation is the substitution of another person in the place of a creditor or claimant to whose rights he succeeds in relation to the debt or claim asserted, which has been paid by him involuntarily, and contemplates some original privilege on the part of him to whose place substitution is claimed. There must exist the relation of principal and surety or guarantors, or other relation between the parties which would entitle such person to succeed to any rights of the creditor or claimant." *Dunlap*, 336 Ill. at 190.

¶ 17    Subrogation actions evolved into common law actions at law, with an attendant jury trial right by the time of the adoption of the 1970 Illinois Constitution. By the 1940s and 1950s, courts in Illinois recognized that subrogation was also recognized at law, and not only in equity in cases of contracts and suretyships. See *Smith v. Clavey Ravinia Nurseries Inc.*, 329 Ill. App. 548, 552 (1946) ("the doctrine of subrogation has been steadily expanding and is a favorite of the law"). In *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d 273 (1954), the Illinois Supreme Court recognized that subrogation:

> "originated in equity, but is presently an integral part of the common law, and is designed to place the ultimate responsibility for a loss upon the one on whom in good conscience it ought to fall, and to reimburse the innocent party who is compelled to pay. Under this doctrine, a person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful act of another, will be subrogated to the rights of the injured person against such wrongdoer. [Citations.]

The Illinois courts have recognized the broad purview of this doctrine." *Geneva Construction Co.*, 4 Ill. 2d at 283.

¶ 18　Also, by that time our courts distinguished between conventional subrogation, which was based on an express agreement where one person paid a debt for another secured by a lien, and legal subrogation, where there was no express agreement and was based only on the relationship between the parties, such as principal and surety. See *In re Estate of Dickson*, 316 Ill. App. 599, 604 (1942).

¶ 19　By the 1950s, our courts specifically recognized subrogation actions by insurers as part of the common law:

"Under the subrogation doctrine an insurer may sue third party tort feasors in the name of its assured whose damages have been covered and paid. The doctrine has been expanded to prevent injustices which would arise in new situations where one party has underwritten the damages or losses of another and the former would be unable to recover its damage or loss payments from the third party causing the damage or loss." *Standard Industries, Inc. v. Thompson*, 19 Ill. App. 2d 319, 324 (1958).

¶ 20　Although it originated in equity, subrogation became an "integral" part of the common law. *Geneva Construction Co.*, 4 Ill. 2d at 283. Thus, even if one were to characterize the underlying nature of this case as a subrogation action, subrogation claims were recognized at common law by the time of the adoption of the 1970 Illinois Constitution. As subrogation was recognized at common law at the time of the adoption of the 1970 Illinois Constitution, there is a right to a jury trial.

¶ 21　Also, the subrogation in this case arises by contract and is governed by contract and was not created by statute. It is not a new "statutory proceeding[ ] that [was] unknown at the common law at the time of the adoption of the 1970 Constitution." *In re K.J.*, 381 Ill. App. 3d at 352. Where the right of subrogation is created by the terms of an enforceable contract, the contract terms control, rather than common law or equitable principles. "[A] subrogee's rights arise either at common law or in contract, not by statute." *Johnson v. State Farm Fire & Casualty Co.*, 151 Ill. App. 3d 672, 674 (1987). Section 143.24d only instituted mandatory arbitration of such subrogation claims; it did not create a new statutory cause of action. Section 143.24d, like section 143a as discussed in *Reed*, makes subrogation insurance claims under a certain amount subject to mandatory binding arbitration. But, unlike the uninsured motorist coverage provision in *Reed*, this enactment did not create a new statutory cause of action. The complaint alleges that "Interstate Bankers Casualty is the actual and *bona fide* subrogee of Jose Mendoza Gonzalez, having become same by virtue of a certain automobile policy of insurance issued to Jose Mendoza Gonzalez ***." In this case the subrogation action is based on contract, on the insurance policy between Interstate and its own insured, Gonzalez, and is not based on a new statutory cause of action.

¶ 22　Or, one may alternately view the nature of this case as basically a negligence action, and the subrogation aspect of the case is merely a theory of recovery. An action for damages due to negligence in tort has, of course, long been part of the common law with an attendant right to a jury trial. Plaintiffs cite to *Vasic v. Chicago Transit Authority*, 33 Ill. App. 2d 11, 11f (1961), where this court noted that "an action involving damages to person or property caused by the

negligence of a driver of a vehicle" was "known at common law as an action on the case." See also *Morgan v. Pacific Express Co.*, 161 Ill. App. 245 (1911) (action on the case against the driver and owner alleging negligence); *The Fair v. Hoffmann*, 209 Ill. 330 (1904) (action on the case brought for alleged injuries received through the negligence of a driver); *Tuller v. Talbot*, 23 Ill. 298 (1860) (action on the case to recover for damages caused by the negligence of a driver).

¶ 23    The complaint in this case alleges property damage due to negligence in both counts. The court's analysis in *Reed* demonstrates that we must look to the nature of the underlying claim and the underlying claim here is for negligence. The court in *Reed* determined that "the *underlying claim* is one for uninsured-motorist coverage, a remedy that did not exist at common law but instead was recently devised by the legislature." (Emphasis added.) *Reed*, 188 Ill. 2d at 180. The court distinguished the claim in *Grace*, on the other hand, as "a common law claim for personal injuries arising from a motor vehicle accident." *Reed*, 188 Ill. 2d at 180. Here, similarly, the underlying claim is a common law claim for property damage arising from a motor vehicle accident. " 'Subrogation simply means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against the defendant.' " *Trogub v. Robinson*, 366 Ill. App. 3d 838, 842 (2006) (quoting 1 Dan B. Dobbs, Law of Remedies § 4.3(4), at 604 (2d ed. 1993)). It can be said that the fact that the insurer brought this action by way of subrogation is a distinction without a difference here, as the insurer merely "steps into the shoes" of its insured, and the underlying claim is one at law for negligence, which has always carried the right to a jury trial.

¶ 24    Further, the ultimate issue to be decided in this case is negligence, which entails factual issues decided by a jury. It has long been recognized that the ultimate determination of fault in a negligence case must be decided by a jury:

> "The ultimate question in cases charging negligence at common law always is, do the acts and conduct charged in fact constitute negligence; and this, except in extreme cases, is not a question of law for the court, but a question of fact for the jury." *Illinois Central R.R. Co. v. Behrens*, 101 Ill. App. 33, 36 (1902).

¶ 25    Section 143.24d provides that "[m]andatory arbitration of disputed claims shall be limited solely to the issues of liability and damages," apparently attempting to constitute limiting language. 215 ILCS 5/143.24d(a) (West 2012). But liability and damages are precisely at the heart of all negligence actions that require determination by a jury.

¶ 26    The fact that the claim in count I is brought by Gonzalez's insurer through subrogation does not change the fact that ultimately liability in negligence must be decided, and this is typically a jury question in an action that carries a right to a jury trial. In *Noren v. Metropolitan Property & Casualty Insurance Co.*, 369 Ill. App. 3d 72 (2006), this court held that an insurer had the right to a jury trial in a declaratory judgment action, even though a declaratory judgment action was unknown at common law, because the relief sought depended on factual issues regarding the cause of damage to the insured's property. *Noren*, 369 Ill. App. 3d at 76-77. This court held: "Actions for a declaratory judgment were unknown to the common law and are neither legal nor equitable, but are *sui generis*, and the right to a trial by jury depends upon the relief sought." *Noren*, 369 Ill. App. 3d at 76. This court nevertheless held that the

insurer was entitled under the Illinois Constitution to have a jury assess the credibility of the witnesses and make findings of fact as to the cause of the damage to the insured's property. *Noren*, 369 Ill. App. 3d at 76-77. This court reiterated the well-known maxim that "[s]tatutes regulating the right to a jury trial should be liberally construed in favor of the right and courts should be inclined to protect and enforce the right." *Noren*, 369 Ill. App. 3d at 76 (citing *Williams v. National Super Markets, Inc*., 143 Ill. App. 3d 110, 111 (1986)). Thus, this court held that the circuit court order striking the insurer's jury demand was an abuse of discretion and reversed and remanded the case. *Noren*, 369 Ill. App. 3d at 77. The facts of this case are even stronger, in that subrogation actions are recognized at common law.

¶ 27       Either way–whether it is said that the nature of this case is basically an action for negligence, or whether the nature of the claim is that it is a subrogation action–both types of actions were recognized as common law actions entailing the right to a trial by jury at the time of the adoption of the 1970 Illinois Constitution. Thus, either way there is a right to a jury trial for Interstate in its claim for negligence in count I of the complaint.

¶ 28       Further, count II is brought by Gonzalez individually and should not have been dismissed. First, Gonzalez is not an insurer and therefore is not even subject to section 143.24d. Section 143.24d applies to "[a]rbitration of physical damage subrogation claims between insurers." 215 ILCS 5/143.24d (West 2012). Second, Gonzalez's claim is brought by him directly for negligence, which existed with the right to jury trial at common law. Therefore, independently of count I, dismissal of count II was improper.

¶ 29       Defendant Hernandez's only arguments in response are: (1) the statute requires arbitration; (2) no significant claims of the individuals are impaired by the statute; and (3) the statute is constitutional because the legislature had a rational basis for adopting the statute. Defendant's first argument is circular.

¶ 30       Defendant's second argument does not address the unconstitutional deprivation of the right to a jury trial. Defendant concedes that common law negligence claims have always been recognized as carrying an attendant right to a jury trial and also concedes that this case is one for negligence. Yet defendant claims the mandatory binding arbitration requirement of section 143.24d does not violate the right to a jury trial because both parties can agree to an alternate forum. Plaintiffs argue in their reply that section 143.24d is unconstitutional like section 143a of the Code because one party is not allowed to reject arbitration as in section 143a. While section 143a allows either party to reject awards with respect to uninsured motorist coverage greater than $20,000, under section 143.24d, neither party is allowed to reject arbitration awards and there is no provision for proceeding in circuit court. See 215 ILCS 5/143a, 143.24d (West 2012); *Reed*, 188 Ill. 2d at 172 (recognizing that under section 143a the arbitrators' determination is binding with respect to awards below $20,000). As plaintiffs point out, under section 143.24d both parties are required agree to another forum, thus *de facto* denying the jury trial right to the party desiring a trial where the opposing party does not agree.

¶ 31       Defendant's third argument applies the wrong constitutional standard for reviewing this statute. The rational basis test applies to due process and equal protection claims that do not affect a fundamental constitutional right or a suspect or quasi-suspect classification (*Schultz v. Lakewood Electric Corp.*, 362 Ill. App. 3d 716, 720 (2005)), but not to claims of the violation

of the right to a trial by jury. The right to a jury trial is a fundamental right guaranteed by article I, section 13, of the Illinois Constitution. *People v. Bracey*, 213 Ill. 2d 265, 269 (2004). See also *Ney v. Yellow Cab Co.*, 2 Ill. 2d 74, 84 (1954) ("The right of trial by jury is recognized in the Magna Charta, our Declaration of Independence and both our State and Federal constitutions. It is a fundamental right in our democratic judicial system."). Plaintiffs further correctly point out that "statutes regulating the right to jury trial should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right." *People ex rel. Raines v. Biggs*, 135 Ill. App. 3d 200, 205 (1985).

¶ 32     Additionally, section 143.24d is internally inconsistent and contrary to well-established contract law on arbitration agreements. Insurers who are signatories to the NICAA have effectively waived their right to a jury trial and agreed to bind themselves to mandatory arbitration. The enactment here, however, compels mandatory binding arbitration in accordance with the NICAA on insurers who did not agree to the NICAA. Paradoxically, subsection (b) provides: "Nothing in this Section shall be interpreted to require an insurer to become a member of any organization or to sign the Nationwide Inter-Company Arbitration Agreement." 215 ILCS 5/143.24d(b) (West 2012). Stating that insurers are not compelled to sign the agreement, yet requiring all insurers nevertheless to be bound to arbitrate in accordance with that agreement is inconsistent. Moreover, there is no support for binding parties to a mandatory binding arbitration agreement where those parties did not sign the agreement. Where a party does not sign a mandatory binding arbitration agreement, that party is not bound to arbitrate. "Arbitration is a 'creature of contract' [citation], and under basic principles of contract law, only parties to the arbitration contract may compel arbitration or be compelled to arbitrate [citations]." *Carter v. SSC Odin Operating Co.*, 2012 IL 113204, ¶ 55. It is well settled that nonparties to an arbitration agreement can neither compel arbitration nor be compelled to arbitrate. *Trover v. 419 OCR, Inc.*, 397 Ill. App. 3d 403, 407 (2010). Mandatory arbitration agreements do not abridge the constitutional right to trial by jury because parties to a contract are free to waive constitutional rights through agreement. *Herriford v. Boyles*, 193 Ill. App. 3d 947, 951 (1990) (citing *Irmco Hotels Corp. v. Solomon*, 27 Ill. App. 3d 225 (1975)). Here, however, the legislature not only mandated binding arbitration, it mandated binding arbitration in accordance with a particular industry agreement, removing the right to a jury trial, even for nonsignatories to that agreement.

¶ 33                                                    CONCLUSION

¶ 34     Section 143.24d is unconstitutional because it eliminates the right to trial by jury in actions to which that right has historically attached. Even if it could possibly be said that there is some doubt that a subrogation/negligence action by an insurer carries a right to a jury trial, we must apply the well-known constitutional maxim that "statutes regulating the right to jury trial should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right." *Biggs*, 135 Ill. App. 3d at 205. The correct remedy is to reverse the dismissal due to the unconstitutionality of section 143.24d and remand.

¶ 35     Reversed and remanded.